Submitted on remand from Oregon Supreme
Court June 12, 1979, affirmed July 9, 1979

In the Matter of the Marriage of
PATTERSON, nka FOX, *Respondent,*
*and*
PATTERSON, *Appellant.*

(No. 76-5088, CA 11611, SC 26206)

597 P2d 1262

Robert B. Dugdale, Eugene, argued the cause for appellant. With him on the brief was E. B. Sahlstrom, Eugene.

Jack A. Billings, Eugene, argued the cause for respondent. With him on the brief was Diment, Jagger & Billings, Eugene.

SCHWAB, C. J.

**SCHWAB, C. J.**

The Supreme Court has remanded this case to us in a memorandum opinion, stating:

> "The opinion of the Court of Appeals, 39 Or App 423, 592 P2d 576 (1979) states (at 429, n. 2):
>
>> " 'In the "Summary of Argument" section of his brief, father [petitioner here] complains about the trial court's award of costs and attorney fees to mother. He does not, however, make any assignment of error on those issues. We therefore conclude those issues are not properly before us.'
>
> "In so holding, the Court of Appeals apparently overlooked Rule 7.20 of the Supreme Court and Court of Appeals Rules of Procedure, which states that '[a]ssignments of error are not required in equity appeals * * *.'
>
> "This case is therefore remanded to the Court of Appeals for reconsideration of the issue of the trial court's award of costs and attorney fees." 286 Or 631, 633, 596 P2d 554 (1979).

Rule 7.20 of the Supreme Court and Court of Appeals Rules of Appellate Procedure does not require, but encourages, the use of assignments of error. It states:

> "Assignments of error are not required in equity appeals; however, the court encourages their use when doing so will facilitate a clear and concise presentation of the case."

The appellant in this case, having chosen to use assignments of error, made no assignment with regard to the trial court's award of costs and attorney fees. His assignments of error read as follows:

> "Assignment of Error No. 1
>
> " 'The trial court erred in hearing testimony on the issue of the change of custody and in failing to vacate that portion of its Decree which transferred custody of the child, Richard.'
>
> " * * * * *
>
> "Assignment of Error No. 2
>
> " 'The trial court erred in finding that a sufficient change of circumstances had occurred and that the

[99]

child Richard's best interests would be better served by a change of custody to wife.'

" \* \* \* \* \*

"Assignment of Error No. 3

" 'The trial court erred in requiring the husband to post a bond or cash in the amount of $2,500.00 before being allowed to exercise visitation.'

" \* \* \* \* \*."

The only mention in appellant's brief of the award of attorneys fees and costs in the trial court is in his summary of argument. It reads:

"Finally, husband challenges the trial court's award of $1,250.00 in attorney's fees and $187.88 in costs, upon the grounds that the award of attorney's fees was excessive in light of the respective financial positions of the parties and as to the costs that certain of the items charged by wife as costs are not recognized as such by statute."

Nowhere in appellant's brief is there any further mention of this issue. We know of no rule, even on de novo review, requiring us to search a record to find evidence to support a wholly undocumented contention, and unless and until we are ordered by the Supreme Court to conduct such a search we decline to do so.

Affirmed.