Argued and submitted September 17, affirmed as modified November 17,
reconsideration denied December 23, 1980,
petition for review denied January 13, 1981 (290 Or 302)

# In the Matter of the Marriage of

## SAGNER,
*Appellant,*
*and*
## SAGNER,
*Respondent.*

## (No. CC79-538, CA 17105)

619 P2d 660

Bruce Spaulding, Portland, argued the cause for appellant. With him on the briefs were Katherine H. O'Neil and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Steven T. Campbell, Seaside, argued the cause for respondent. With him on the brief were Steven T. Campbell, Wayne E. Poole and Campbell & Moberg, P.C., Seaside.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Wife appeals from a dissolution decree awarding husband (1) custody of the only child of the marriage, and (2) a lien against the family home for $22,000 plus interest thereon at seven percent, payable within five years. No spousal support was awarded, and wife seeks none here; however, if wife is awarded custody, she requests $300 per month as child support. We agree with wife and modify the decree with respect to the issue of custody and child support, but affirm the property division.[1]

Husband and wife are 42 and have been married a little more than four years. There are four children in the family: three from wife's former marriage, Fritz, 13, Virginia, 15, and Kathleen, 16, and one as a result of this marriage, Wade, 3 and one-half. The trial court separated Wade from the other three children by awarding his custody to the husband.

In determining custody of minor children, we start with the guidelines set forth in ORS 107.137, which provides in part:

"(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child; and

"(c) The desirability of continuing an existing relationship.

"(2) The best interests and welfare of the child in a custody matter shall not be determined in isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors.

---

[1] Subsequent to entry of the decree, wife moved to reopen for the purpose of offering additional evidence on the issue of custody. The motion was denied and wife made an offer of proof. Although wife assigns error to the denial and contends we should consider that evidence on *de novo* review, we need not reach that question. The record made at trial is adequate to decide the custody question.

"(3) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.

" * * * * *."

Both subsections (a) and (c) of section (1) of that statute suggest that children be kept together, absent some overriding reasons for splitting them up. We have held, for example, that all other things being equal, children should be kept together. *Kesterson and Kesterson,* 30 Or App 963, 569 P2d 42 (1977). There is no reason to treat a half-sibling differently from a full one, and the trial court here did not purport to make that distinction.

The trial court gave two reasons for its decision to award husband custody of the one child. First, the court noted that there was an age difference of more than 10 years between Wade and the youngest of the three other children, which he felt would interfere with emotional ties between him and the others. The record, however, indicates that the age difference has not been a barrier to a wholesome relationship between Wade and the other children. During *in camera* questioning by the judge, the two oldest children expressed delight in living with Wade. The third child stated she was somewhat ambivalent but indicated that in general she enjoyed having Wade around even though he might be a pesky little brother at times. Her "testimony" also suggested that Wade was playing with one or the other of the children very frequently.

A second reason given by the trial judge was that if husband had custody of Wade he would only have one child to whom he could direct his full attention, whereas wife would have to divide her attention among four children if she were to have custody. Assuming that factor might have merit, we do not read the record as supporting it. Both parties are employed. Wife is a secretary. Husband owns his own real estate business. As a result, Wade is presently enrolled in a day care center during the week, and regardless of who has custody, this practice will continue. Wife's job leaves her evenings and weekends free, while husband works on Saturdays and sometimes evenings and Sundays. Further, wife's two eldest children are contemplating college and other schooling such that they will soon move

away and be out of the home, leaving wife with only two children. We cannot say on these facts that husband would be able to offer more attention to Wade than would wife.

We conclude that there are substantial emotional ties between Wade and the three older children and that it is desirable to continue that relationship. Although the trial judge apparently did not disagree with those conclusions, he felt that because the parties live in the same city, frequent visitation would occur and that Wade's relationship with the other children would continue. We do not believe, however, that those reasons are sufficient to deviate from the preference for keeping the children together. Frequent visitation is not much of a substitute for the spontaneous interplay between the children which occurs if the children live in the same home.

■ Although we tend to defer to the trial court's judgment on these matters, *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977), we conclude that this record does not provide a sufficient basis to justify splitting the family. Accordingly, we modify the decree to grant custody of Wade to wife, with reasonable visitation allowed husband.

■ As the custodial parent, wife will need child support in some amount. She earns $500 per month gross, and receives $550 per month in child support from the father of her three other children. Husband receives approximately $2,000 a month from his business, which apparently is net after his expenses, but before taxes. Expenses for day care range from $155 to $175 per month. Under the circumstances, we conclude that $250 per month in child support is reasonable. The decree is further modified to award wife that amount for child support to commence on the first day of the month following the entry of the order spreading the mandate herein, and continuing until Wade attains age 18, or until he attains age 21 if he is a "child attending school" within the meaning of ORS 107.108(4).

■ Wife's final contention is that husband should not have been awarded a judgment lien on the home in the amount of $22,000, plus interest at seven percent, payable within five years. At the time of the marriage, wife owned

a home in which she had an equity of about $23,000. During the marriage she deeded to husband a one-half interest in the property in consideration for his promise to be jointly and severally liable for the balance of the mortgage. The trial court found the equity in the property to be $67,000 at time of trial, representing a $44,000 increase since the marriage, and in dividing the assets, granted husband a lien for one-half that amount—$22,000. The record shows that husband both directly and indirectly helped pay the mortgage as well as otherwise support the family during the marriage. We see no reason to disturb the trial court's division of assets.

Affirmed as modified. No costs to either party.