Argued and submitted July 13, 1981, affirmed in part; and affirmed as modified January 6, reconsideration denied February 11, petition for review denied March 16, 1982 (292 Or 722)

TIDEWATER CONTRACTORS, INC.,
*Respondent - Cross-Appellant,*

*v.*

WHEELER et ux,
*Appellants - Cross-Respondents,*
HATFIELD,
*Respondent,*

(No. C78-10-92)

ALLEN, dba Allen Masonry,
*Respondent.*

*v.*

WHEELER et ux,
*Appellants,*
TIDEWATER CONTRACTORS, INC. et al,
*Respondents.*

(No. C79-2-6)
(CA 16899)
(Cases consolidated)

638 P2d 499

Michael W. Burnett, Medford, argued the cause for appellants - cross-respondents. With him on appellants' brief were Haviland & Stark and Hugh B. Collins, Medford. On appellants' reply brief was Hugh B. Collins, Medford.

John C. Babin, Brookings, argued the cause for respondent - cross-appellant. With him on the brief was Coutrakon, Hoselton & Babin, Brookings.

M. John Spicer, Gold Beach, argued the cause and filed the brief for respondent Carl E. Hatfield.

David F. Myrick, Grants Pass, argued the cause for respondent David B. Allen. With him on the brief were Myrick, Coulter, Seagraves & Myrick and Donald H. Coulter, Grants Pass.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

These two consolidated actions involve the foreclosure of three construction liens. ORS ch 87. Tidewater Contractors, Inc. (Tidewater) and David B. Allen, dba Allen Masonry (Allen), each filed separate actions to foreclose their respective liens against John E. Wheeler and Joan L. Wheeler (defendants), the real property owners. In the Tidewater action, Carl E. Hatfield (Hatfield), a named defendant, filed what was denominated a "cross complaint" against defendants to foreclose his lien.[1]

The three claims for foreclosure were consolidated for trial. The trial court decreed foreclosure of all three liens and awarded each lien claimant a judgment in personam against the defendants, together with costs, including attorneys' fees. In so doing, the trial judge entered separate findings and conclusions and decrees in each foreclosure proceeding. Defendants have appealed from the three decrees. Tidewater has cross-appealed, seeking an increased award of attorney fees.

Our review is *de novo*. ORS 19.125(3). Defendants' brief contains a statement of facts without reference to any portion of the record to support those facts. Without appropriate references in the brief to the record, review by this court is substantially impaired if not prevented. *See* RAP 7.17(e),(f). Tidewater and Allen both objected to the defendants' failure to comply with the rules of this court.

These consolidated cases took eight days to try. The record on appeal consists of two trial court files exceeding 400 pages. There are six volumes of trial transcripts, containing more than 1,200 pages, and there are more than 100 exhibits. Defendants argue 13 assignments of error. Three of those assignments question the trial court's award of the judgments in personam against defendants. (Hatfield concedes that that assignment as to him is well taken.) Three assignments contend that none of the liens should have been foreclosed because of unsegregated lienable and non-lienable items, gross overcharges and intentional inaccuracies. The remaining seven assignments

---

[1] Defendants Dave Larsen, dba LCD Construction, and Louise L. Murphy, dba Murphy Plumbing, are not parties to this appeal.

challenge the award of attorney fees, because either the liens should not have been foreclosed, the award exceeded the prayers for relief or certain statutory lien notice requirements were not complied with.

At oral argument we directed defendants' attention to the rules of this Court and the inadequacy of their briefs. Defendants argued that, even if we were to accept the findings of the trial judge, the lien claimants were not entitled, as a matter of law, to the relief granted by the respective decrees. (Defendants' concession was not total. They were willing to accept some, but not all, of the court's findings.)

Examples of our struggle to review defendants' assignments demonstrate why our rules must be followed. In the Tidewater action, one of the trial judge's findings was:

> "[T]he error in the lien by including the three invoices of the Baptist Church was inadvertent and not gross negligence or attempted fraud."

Defendants contend that finding was in error, because the inclusion of the three invoices in the Tidewater lien "was at least the result of gross or culpable negligence and may have even been intentional." There is no reference in the brief to any part of the record where we can find evidence to support those contentions.

Similarly, a finding and conclusion supporting the Hatfield decree is questioned by defendants. The court found that

> "Hatfield failed to substantiate his claim as to 48 hours of work. This occurred during a one week period. I have therefore deducted $480 for wages * * * ."

We are told to look at exhibit 124, the Hatfield lien. Defendants then argue that the trial court erred, because the items deducted by the trial court were unsegregated, non-lienable items. However, that finding does not state that the 48 hours of work was unsegregated and non-lienable. The finding can be understood to mean that Hatfield's proof failed to establish his entitlement to payment for 48 hours of labor. Again, we are not directed to any portion of the record to enable us to review the findings or defendants' contentions.

■ We are not required to search the record for the evidence to support defendants' assignments of error, and we will not do it.[2]

■ Tidewater has cross-appealed from the award of attorney fees, contending that the trial court abused its discretion. The trial court awarded Tidewater reasonable attorney fees in the sum of $2,000 as part of costs. At trial the parties stipulated that proof of the attorney fees would be based upon the time records of Tidewater's attorney. A stipulation as to the *method* of proof does not preclude the court's exercise of its power to determine the *amount* of the fee. On the basis of his time records, Tidewater's attorney claimed $8,418, as a reasonable fee. Attorney fees in lien foreclosure proceedings are a part of the costs. ORS 87.060(4); ORS 20.040. Allowance *and* amount are discretionary with the trial court, and that discretion will not be disturbed except for manifest abuse. *Ruth et ux v. Hickman,* 214 Or 490, 499, 330 P2d 722 (1958); *Title Guarantee Co. v. Wrenn,* 35 Or 62, 70, 56 P 271 (1899). We do not find an abuse of discretion here.

The decrees of the trial court foreclosing the Tidewater lien and the Allen lien are affirmed. Because of Hatfields' concession that the in personam judgment was improper, the decree foreclosing his lien is modified to vacate the judgment in personam against the defendants and, as modified, is affirmed.

In trial court case no. C78-10-92, respondent Tidewater shall recover its costs from appellants; appellants shall recover their costs from respondent Hatfield. On the cross appeal of respondent Tidewater, appellants are the prevailing parties and entitled to costs. In trial court case no. C79-2-6, respondents are the prevailing parties and shall recover their costs from appellants.

---

[2] Although assignments of error are not required in equity cases, RAP 7.20, references to the record must still be made to support the issue raised. When assignments of error are made, the same rule that applies in law actions, RAP 7.19, must be followed. *See Patterson and Patterson,* 41 Or App 97, 597 P2d 1262 (1979).