Argued and submitted December 13, 1983, affirmed as modified; remanded with
instructions February 8, 1984

In the Matter of the Marriage of

MOE,
*Respondent,*
*and*

MOE,
*Appellant.*

(82-0513; CA A27775)

676 P2d 336

Kevin Gage, Salem, argued the cause for appellant. On the brief was Terry K. Haenny, Salem.

Gary E. Norman, Albany, argued the cause for respondent. With him on the brief was Scott & Norman, P.C., Albany.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Husband appeals a decree of dissolution. He contends that the trial court erred (1) in awarding custody of the parties' 12-year-old daughter to wife and (2) in dividing the parties' property.[1] We review *de novo* and modify the award of custody.

The parties separated in February, 1982, after 17 years of marriage. Wife has worked continuously since 1967. Her net monthly income is approximately $1,300. Husband is a self-employed truck driver who operates out of the family home. His monthly income is $1,600 to $1,700. The parties have two children, a 17-year-old son and a 12-year-old daughter. Since the separation, the son has lived with husband. The daughter has lived with both parents, typically spending weekdays with wife and weekends with husband.[2] It is undisputed that both parents are fit custodians. The trial court awarded custody of the daughter to wife and of the son to husband, although both children had expressed a preference for living with husband. No spousal or child support was awarded.

██ ██  As in all domestic relations cases, we give proper deference to the trial judge's opportunity to see and hear the witnesses. *McCoy and McCoy,* 28 Or App 919, 923-24, 562 P2d 207, *modified* 29 Or App 287, 563 P2d 738 (1977). We will not disturb a trial court's custody decision unless we are certain that the best interests of the children have not been protected. *McFadden v. McFadden,* 206 Or 253, 257, 292 P2d 795 (1956).

ORS 107.137 provides, in pertinent part:

"(1)   * * * In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a)   The emotional ties between the child and other family members;

---

[1] We find no merit in husband's second assignment of error.

[2] About two weeks before trial, the daughter began living with her father on a full-time basis. After custody was awarded to wife, husband requested that the trial court grant a stay, allowing the daughter to remain with him pending the outcome of this appeal. At the time, wife was considering a move to Alaska, and daughter refused to accompany her. Although the record does not indicate whether the stay was granted, the daughter has in fact continued to live with husband.

"(b) The interest of the parties in and attitude toward the child; and

"(c) The desirability of continuing an existing relationship.

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors.

"(3) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother."

The trial judge split the children's custody between the parents, concluding:

"* * * There is a significant age difference between the children [so] that splitting their custody does not appear to the court to be detrimental to them. Accordingly, the court determines that the custody of Tina C. Moe shall be with petitioner, and the custody of Terry C. Moe with respondent, with reasonable visitation rights granted to petitioner and respondent. In considering the matter of custody, the court heard the testimony of Tina C. Moe, daughter of the parties. Under all of the circumstances and specifically that she has been with her father on a full-time basis for only a matter of two or three weeks, and that both the petitioner and respondent have agreed that the other is a fit and proper parent, and the reasons stated by the young daughter as to why she wants to be with her father, this determination has been made. The court also observes and finds that where both father and mother are fully competent, a twelve year old daughter probably needs advice and counsel of her mother other than on a visitation schedule."

After reviewing the facts of this case, we are convinced that the award of the daughter's custody to wife was erroneous for several reasons.

First, the daughter testified quite strongly that she wanted to live with her father. She also prepared a list of ten reasons why she preferred to be in her father's custody. That list was admitted as an exhibit.[3] A child's preference is one

---

[3] Her list of reasons is:

"Why I want to live with my DAD!

"1.  I don't like my moms [sic] boyfriend.

factor to be considered in determining which custodial arrangement will be in the best interests of the child. *Padbury and Padbury,* 46 Or App 533, 537, 612 P2d 321 (1980).

█      Second, we are disturbed by the trial court's resolution of this case, because it forces a brother and sister to live apart. ORS 107.137(1)(a) and (c) suggest that siblings should be kept together, absent some overriding reason for splitting them up. *See Sagner and Sagner,* 49 Or App 215, 218, 619 P2d 660 (1980), *rev den* 290 Or 302 (1981). In this case, the trial judge discounted the importance of keeping the children together because of what he termed "a significant age difference between the two children." The statutory preference for keeping siblings together is not limited to those closer in age than five years. Accordingly, the trial judge's decision to award custody of the daughter to wife cannot be sustained unless there is a significant overriding factor. In our review of the record, we are unable to find any such overriding factor which would warrant a split of custody in this case.

Third, the only other reason given by the trial court for its custody decision was its belief that a 12-year-old girl should "probably" be with her mother. However, we are unable to find any independent evidence, expert or otherwise, which justifies that conclusion. In the absence of such supporting evidence, the trial court's decision flies in the face of ORS 107.137(3), which expressly prohibits courts from giving a mother preference just because she is the mother.

---

"2.   What my moms *[sic]* been doing in front of me.

"3.   I don't want to live with my mom.

"4.   I'm always by myself until when ever *[sic]* my mom gets home and sometimes that's late.

"5.   I don't like the neighborhood my moms *[sic]* in.

"6.   I prefer to live with my friends and my DAD & my Brother.

"7.   Because I want to live with my DAD.

"8.   Because I rather live with my DAD and be safe, than live with my mom.

"9.   Because if something would happen to me there would't *[sic]* be nobody their, *[sic]* to help me that's why I would rather live with my DAD.

"10.  Because I think I would have a better life with my DAD & Brother & friends, and Family."

■■ Fourth, the determination of a child's custody rests entirely on consideration of the child's "best interests." Courts are required by law to give this factor primary importance. ORS 107.137. We believe that any custody decision must necessarily be supported by such a finding. Nowhere in this record can we find any reference regarding the daughter's best interests. On the basis of our review, and for the reasons previously discussed, we find that this child's best interests will be served if her custody is awarded to husband. Therefore, the decree must be modified.

■ As the custodian of both children, husband is entitled to receive child support from wife. However, we leave it to the trial court to determine the appropriate amount. *See Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981).

Modified to award custody of daughter to husband; affirmed as modified; remanded for determination of child support. No costs to either party.