Argued and submitted April 7, judgment modified, custody awarded to father, remanded July 2, 1986

In the Matter of the Marriage of

## BROOKS,
*Respondent,*

*and*

## BROOKS,
*Appellant.*

(CC 81-248; CA A36266)

721 P2d 478

Charles S. Spinner, Eugene, argued the cause and filed the brief for appellant.

Michael J. Dooney, Seaside, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Father appeals from an order denying his motion to modify the custody provisions of a dissolution decree. On *de novo* review, we find that there was a substantial change in circumstances sufficient to warrant modification and that modification would be in the best interests of the child.

The original decree, entered in January, 1982, awarded the parties joint custody of their only child, who was two years old at the time. The decree provided that "care and control" of the child should be with mother during the school year and with father during the summer months and that each party was entitled to reasonable rights of visitation when care and control of the child was with the other party.

From the beginning, the practice of the parties varied significantly from the decree. Between January, 1982, and August, 1983, the child lived with mother for a total of about seven months, with no period of custody longer than three months. The child lived with father for approximately eleven and one-half months during that time. Even though mother was entitled to physical custody of the child for a substantial portion of the time, she voluntarily relinquished it to father. In April, 1983, she told father that she could not afford to keep the child and that she did not have time to spend with the child because she held two jobs. In August, 1983, mother moved to Alaska. The child lived with father for the following ten months.

In June, 1984, father moved to obtain sole custody. By stipulation of the parties, the original decree was so modified, subject to mother's right of reasonable visitation, including the summer vacation. The child then spent two months with mother in Alaska as part of the summer visitation. From September through December, 1984, the child again resided with father.

In December, 1984, mother moved to modify the decree, claiming that the stipulated modification granting custody to father was obtained by fraud and coercion and seeking custody for herself with visitation rights in father. The trial court vacated the stipulated modification and reinstated all the terms of the original decree, so that the parties once again had joint custody of the child, with "care and

control" to be with the mother during the school year. The child accompanied mother to Alaska, and in January, 1985, father filed the motion before us, seeking transfer of custody to him subject to mother's right of reasonable visitation, including the whole summer.

A party seeking to modify a custody provision must prove that there has been a change of circumstances since the entry of the original or last modified judgment and that modification would be in the best interests of the child. *Greisamer and Greisamer,* 276 Or 397, 555 P2d 28 (1976); *Heinel and Kessel,* 55 Or App 275, 637 P2d 1313 (1981).

In *Crane v. Crane,* 17 Or App 637, 523 P2d 596 (1974), we held that, when the mother, who had custody, voluntarily placed children in the *de facto* custody of the father, had little contact with the children for 14 months and then sought to recover custody, a substantial change in circumstances had occurred, and the best interests of the children would be served by granting custody to the father. In this case, unlike in *Crane,* mother did maintain some contact with the child, including visitation and telephone calls. However, during the time of those infrequent contacts, the child established a much more stable relationship with father and became assimilated into father's new family. At the time of the original decree, the two year-old child had not spent significantly more time with one parent than the other. When father moved for modification, the child was five years old and had lived with mother just nine of the last 36 months and only two of the last 20 months. Father had become more able, and mother less able, to provide the child a stable and familiar environment. That is a substantial change in circumstances. *See Greisamer and Greisamer, supra,* 276 Or at 400. "The primary purpose of the rule requiring a substantial change of circumstances is to facilitate stability." *Poulson and Poulson,* 70 Or App 505, 508, 690 P2d 526 (1984), *rev den* 298 Or 705 (1985).

We next consider whether the change proposed in father's motion would be in the best interests of the child. We conclude it would. First, it would stabilize and legitimize what has in fact been the practice of the parties, that father should have primary custody of the child during the school year. By continuing this "existing relationship," ORS 107.137(1)(c), the child would not be subjected to "the psychological impact

which frequently results from the shifting of the child once it has found roots of security and stability with one of its parents." *Greisamer and Greisamer, supra,* 276 Or at 402. Second, the modification would acknowledge the emotional ties between the child and parent with whom he spent most of his life between the ages of three and five. It also would acknowledge the emotional ties which the child has formed with his stepmother and would form with the half sister whose arrival he was anticipating when the original custody provisions were reinstated. ORS 107.137(1)(a).

Finally, the proposed modification appears appropriate in the light of father's strong interest in and attitude toward the child. *See* ORS 107.137(1)(b). Both father and his new wife have been actively involved in pre-school and kindergarten activities and have exhibited considerable interest in the programs available in local grade schools. There is no basis in the record for finding that mother's attitude toward her child is neglectful, but neither is there any substantial basis to determine the extent of her interest in his education. We therefore hold that the best interests of the child would be served by modifying the decree to award custody to father, with reasonable visitation rights for mother, including the summer school vacation.

Judgment modified; custody awarded to father; remanded for further proceedings to determine visitation and child support. No costs to either party.