Submitted on record and brief February 27, reversed and remanded October 15, 1986

In the Matter of the Marriage of

HARPER,
*Appellant,*
*and*

HARPER,
nka Crosier,
*Respondent.*

STATE ex rel CROSIER,
fka Harper,
*Respondent,*

*v.*

HARPER,
*Appellant.*

(77-1376; CA A36202)

726 P2d 972

James C. Farrell, P.C., Roseburg, filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits,* Judges.

DEITS, J.

---

* Deits, J., *Vice* Warden, J.

**DEITS, J.**

Father appeals from an order that (1) denied his motion to modify the custody provisions of a dissolution decree and (2) granted mother's motion to restrict his visitation rights with daughter.

The marriage was dissolved in December, 1977. The judgment awarded mother custody of Michael (mother's child by a former marriage but adopted by father), then 8 years old, and Tricia, then 5 years old. The judgment also granted father liberal visitation privileges, including one week each month, every other weekend, Thanksgiving vacations, Christmas vacations, Labor day holidays and most of summer vacations. The practical effect of the visitation provisions was that father had the children roughly one-half the time.

Tricia, now 14, has always had a close relationship with father. She feels confident and comfortable in her father's home. He freely expresses his love for her, and she finds it easy to talk with him about her problems. Her mother, on the other hand, has difficulty communicating with her. Tricia feels unhappy and depressed in her mother's home. She frequently shuts herself in her room and does not feel comfortable participating in family activities. In July, 1984, she told mother that she would like to live full time with father. In August, 1984, father moved to obtain her custody. As those events occurred, the mother-daughter relationship became even more strained and the father-daughter relationship strengthened.

In order to obtain a modification of custody, a party must demonstrate a change of circumstances since the last modified or original judgment and that modification would be in the best interests of the child. *Greisamer and Greisamer,* 276 Or 397, 555 P2d 28 (1976); *Brooks and Brooks,* 80 Or App 269, 721 P2d 478 (1986). We agree with the trial court that the strengthened father-daughter and the weakened mother-daughter relationship constituted a sufficient change in circumstances.

However, we do not agree with the trial court's conclusion that a change in custody would not be in the daughter's best interest. The judge stated that he would allow the change of custody if he were speaking simply as a parent.

He then went on to conclude, without articulating any reasons, that a change in custody was not in the best interests of the child. Although we review *de novo* in child custody matters, we usually defer to a trial court's ability to observe and weigh the character, personality and other intangible characteristics of witnesses. *See Moe and Moe,* 66 Or App 947, 676 P2d 336 (1984); *Patterson and Patterson,* 39 Or App 423, 592 P2d 576, *remanded* 286 Or 631, 596 P2d 554, *aff'd* 41 Or App 97, 597 P2d 1262 (1979). However, in this case, our examination of the evidence, taken together with the trial court's failure to explain its decision and what the trial court did say, convince us that a change in custody would be in Tricia's best interest.

The record clearly indicates that she is not particularly close to her step-family or her brother. *See* ORS 107.137 (1)(a),(c). Although we have recognized the desirability of keeping siblings together, *see, e.g., Moe and Moe, supra,* that policy is militated against in this case for several reasons. First, the daughter and the son do not look to each other for emotional support or otherwise enjoy a close sibling relationship and, second, it appears likely that the children would live a short distance apart and see each other frequently during visitation periods. Their relationship could continue and perhaps grow stronger, even though they would be living in separate homes.

Father's love, interest and attitude weigh strongly in favor of changing custody. ORS 107.137(2). The daughter's unwavering desire to live with him is an additional important factor in this case. Although this preference is but one factor to consider, *Padbury and Padbury,* 46 Or App 533, 612 P2d 321 (1980), the daughter's age and maturity as well as the steadfast and longstanding nature of her desire make it persuasive. Consideration of all the factors leads us to conclude that granting custody to father with reasonable visitation rights for mother is in the daughter's best interest.

Reversed; remanded to determine visitation and child support. No costs to either party.