*[805]
 
 JOHNSON, J.
 

 This is a dissolution of marriage proceeding in which the wife appeals the award of custody of the children, a daughter age 9 and a son age 5, to the father; the division of property and award of attorney fees, and the provision in the decree declaring that all prior orders of support are satisfied.
 

 The trial took three days, dining which the principal issue was custody. Counsel for the husband, the petitioner, launched a frontal attack on the wife attempting to paint her with a scarlet letter and also depict her as a neglectful mother. Wife’s counsel counterattacked that the husband was a bounder and a boozer. Similar attacks were made on a multitude of witnesses. All these efforts fell far short of the mark. The picture that emerges is that of an estranged husband and wife who by contemporary standards live exemplary lives and are capable, dedicated and loving parents. As the trial court stated, "you people are good people.” It also noted that the trial process in this case was "uncivilized.” We agree. Much of the evidence in this trial was irrelevant to what is in the best interests of the children.
 
 See
 
 ORS 107.137(4).
 

 In
 
 Starin and Starin,
 
 29 Or App 557, 564 P2d 748 (1977), we stated:
 

 'To overcome the weight afforded the trial court in factual questions of this nature, appellant must persuade us from the cold record that a mistake was made. A typewritten transcript is a relatively unreliable and imperceptive device for determining witness’ credibility, personality and character, and a poor substitute for seeing and hearing the witnesses. We are reluctant to reweigh testimony of the nature presented here without some evidence that the trial court’s observations were manifestly mistaken. * * *”
 

 The overwhelming weight of the evidence in this case convinces us that a mistake has been made. However, for the reasons stated in
 
 Sarty v. Forney,
 
 12 Or App 251, 506 P2d 535 (1973), we will not engage in a
 
 *[806]
 
 lengthy discussion of the evidence and only mention the two dominant considerations motivating our decision to award custody to the wife.
 

 ORS 107.137 in pertinent part provides:
 

 "(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:
 

 "(a) The emotional ties between the child and other family members;
 

 "(b) The interest of the parties in and attitude toward the child; and
 

 "(c) The desirability of continuing an existing relationship.
 

 * # >}:
 

 "(3) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.
 

 The undisputed evidence in this case was that the wife was not merely the mother, but was also the primary parent. During the marriage she was not working and performed the traditional and honorable role of homemaker. She cleaned the house, cared for the children, fed the family, nursed them when sick and spent those countless hours disciplining, counseling and chatting with the children that every homemaker should. For some families the husband may perform this role and be the primary parent. In other families the parents evenly divide the role and there is no primary parent. In this family the husband played the traditional role of breádwinner, working eight to ten hours a day. In his off-hours he dedicated much time and attention to the children, but the lion’s share of the child raising was performed by the wife. It is undisputed that the children were happy and well-adjusted and that the relationship between the wife
 
 *[807]
 
 and children was close, loving and successful. Although the same relationship unquestionably existed to a degree with the husband, the close and successful emotional relationship between the primary parent and the children coupled with the age of the children dictate the continuance of that relationship.
 

 We are also convinced that placing the children with the wife will result in an environment more conducive to the children’s welfare, The husband works irregular horns and days and the paternal grandparents share the babysitting. This arrangement has led to friction, and even the husband concedes that it is not an altogether satisfactory solution. The mother now works, but on regular hours that are more compatible with the children’s schedule. She has made suitable babysitting arrangements which will be under the custodial parent’s control, as they should be. In addition she has made arrangements with her employer so that she can take time off when the children require special attention. The wife shall have custody of the children and the husband shall pay child support of $150 per month per child.
 

 The wife contends that the division of property and the award to her of attorney fees of $750 was inequitable. The principal asset of the parties was real property which the trial court ordered to be sold and the proceeds divided equally. The husband was awarded the household furnishings, a 1975 Ford Elite and a 1966 Dodge pickup subject to encumbrances. The wife was awarded a 1972 Ford Pinto, also subject to encumbrances. The trial court’s division and attorney fees awarded were reasonable considering that the husband was also given custody. In view of our decision concerning custody, a more equal division of the property should be accomplished. Rather than reassigning the property, we award the wife $100 per month spousal support for two years commencing the date of mandate. She should also receive the piano.
 

 
 *[808]
 
 The wife contends that the court was without authority to provide in the final decree that all prior support orders were satisfied. We agree. At a pendente lite hearing, the court ordered the husband to pay the wife $350 a month for three months commencing in December of 1976. The husband did not make the February 1977 payment. This arrearage was a judgment in favor of the wife under ORS 107.095(2) which provides:
 

 "In case default is made in the payment of any moneys falling due under the terms of an order pending suit, any such delinquent amount shall be entered and docketed as a judgment, and execution may issue thereon to enforce payment thereof in the same manner and with like effect as upon a final decree. The remedy provided in this subsection shall be deemed cumulative and not exclusive.”
 

 The court could also have provided for the entry of a judgment in favor of the wife for this amount in the final decree pursuant to ORS 107.105(l)(h) which provides:
 

 "(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:
 

 "‡ * * * *
 

 "(h) A judgment against one party in favor of the other for any sums of money found to be then remaining unpaid upon any enforceable order or orders theretofore duly made and entered in the proceedings pursuant to any of the provisions of ORS 107.095, and for any such further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party; or, in the absence of any such order or orders pendente lite, a like judgment for such amount of money as the court finds was reasonably necessary to enable such party to prosecute or defend the suit.”
 

 However, the provisions of this statute do not give the court the authority to modify or satisfy what is already a judgment under ORS 107.095(2). This construction is consistent with ORS 107.135(2) which provides that
 
 *[809]
 
 the decree of dissolution is a final judgment as to any accrued unpaid installment and not subject to modification.
 

 Affirmed as modified. Costs to appellant.