Argued and submitted July 14, affirmed as modified, and remanded October 27, reconsideration denied December 4, 1980, petition for review denied February 18, 1981 (290 Or 491)

In the Matter of the Marriage of

## VAN DYKE,
*Respondent,*
*and*
## VAN DYKE,
*Appellant.*

(No. 36147, CA 16786)

618 P2d 465

Charles Beshears, Portland, argued the cause for appellant. On the brief was Franklyn N. Brown, Portland.

Willard L. Cushing, McMinnville, argued the cause for respondent. On the brief was Cushing, Johnstone & Peterson, P. C., McMinnville.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a dissolution of marriage proceeding in which the wife appeals the award of custody of the couple's two year old child to the father, the division of property, and the trial court's failure to award spousal support. In the event this court awards custody to the appellant, she also requests that the husband be required to make child support payments. We modify the award of custody.

The parties were married on September 15, 1975. They have one child, a son, born on June 15, 1977. The husband filed for dissolution on February 21, 1979, and asked for and received temporary custody of the couple's son at that time. The child was then little more than 1 1/2 years old. The mother contested this award of temporary custody, and on April 16, 1979, a *pendante lite* hearing was held to consider the matter. The trial court ordered that temporary custody should remain with the father, with the mother having visitation rights consisting of the last 10 days of each month.

The trial took place on August 23, 1979. The matter was then continued until December 28 to allow the county juvenile department time in which to complete a custody evaluation. The principal issue at trial had been custody. Testimony from the husband's side focused on the wife's social affairs, in particular her relationship with a certain male friend, in an attempt to portray her as a mother more interested in her social life than her child. The wife's testimony, in turn, attempted to portray the husband as a man who drinks frequently and spends more time at the local tavern than with his family. Little of this testimony was related to what is in the best interests of the child. *See* ORS 107.137(4). Neither did it discredit either parties' ability to care for the child. Both emerge as reasonably capable, dedicated and loving parents. The trial judge found the issue of custody to be extremely close. It was his opinion that "both parties are clearly fit parents, * * * highly capable of providing excellent care for their son." He found, as a matter of fact, that:

"* * * both parties are fit to have custody of said minor child but that it would be in the best interests of the child if custody were awarded to the Petitioner, John A. Van Dyke. In making this finding the court gave strong consideration to the demeanor of the parties as witnesses. * * *"

This court's review of a dissolution decree is de novo. We are not bound by the trial court's findings of fact, but must make an independent study of the record, weigh the evidence and exercise independent judgment. However, due regard is given to the trial court's opportunity to see and hear the witnesses and we "will not disturb the lower court's decision unless we are convinced that an equitable result has not been reached." *McCoy and McCoy,* 28 Or App 919, 928, 562 P2d 207 (1977), *former opinion clarified,* 29 Or App 287, 563 P2d 738 (1977). As we stated in *Starin and Starin,* 29 Or App 557, 560, 564 P2d 748 (1977), *rev den* 279 Or 191 (1977).

"To overcome the weight afforded the trial court in factual questions of this nature, appellant must persuade us from the cold record that a mistake was made. A typewritten transcript is a relatively unreliable and imperceptive device for determining witness' credibility, personality and character, and a poor substitute for seeing and hearing the witnesses. We are reluctant to reweigh testimony of the nature presented here without some evidence that the trial court's observations were manifestly mistaken."

Pursuant to the opinions cited above, we should defer to the trial judge here, particularly where the parties' demeanor obviously influenced his decision, were it not for the fact that the trial judge refused to consider a pertinent piece of evidence.

■ The trial court's error is apparent in his opinion letter to the parties' counsel. He stated that:

"The evidence was as near to being equally balanced as any custody issue this court has been called upon to decide. However, the greater weight, as slight as it may have been, supports petitioner's contention that * * at this time * * the best interests of Bradley would be served if he was to have legal custody.

"For the court to rule otherwise would be to give a preference to the mother simply because she is the mother and as such, had been the primary care-taker. This would be in violation of Oregon statute."

ORS 107.137(3), prohibits the trial court from giving preference to the mother solely because she is the mother. However, it does not prevent the trial court from considering the fact that she was the primary care-taker. As our opinion in *Derby and Derby,* 31 Or App 803, 805, 571 P2d 562 (1977), *modified on other grounds* 31 Or App 1333, 572 P2d 1080 (1977), *rev den* 281 Or 323 (1978), points out, either parent may be the primary parent and the identity of the primary care-taker is a relevant consideration in custody decisions. Because the trial judge failed to give any weight to this relevant consideration, we shall weigh the evidence anew.

█   We will not engage in a lengthy discussion of the evidence but only mention the dominant consideration motivating our decision to award custody to the mother. *See Derby and Derby, supra,* 31 Or App at 805; *Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973).

ORS 107.137 provides, in part, that:

"(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child; and

"(c) The desirability of continuing an existing relationship.

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of the section, or any other relevant factor, and relying on it to the exclusion of other factors.

"(3) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother."

The evidence in this case was that, prior to the parties' separation, the mother was the primary caretaker of the couple's son. Except for temporary periods of work of approximately three months time, she stayed at home and performed the traditional homemaker role. She cleaned the house, made the meals and cared for the parties' son. The father played the role of breadwinner, working regularly each day. This is not to say that he did not also attend to and spend time with the child, but only that the majority of the child-care duties fell on the mother's shoulder. In a similar case, we stated:

> "The undisputed evidence in this case was that the wife was not merely the mother but was also the primary parent. During the marriage she was not working and performed the traditional and honorable role of homemaker. She cleaned the house, cared for the children, fed the family, nursed them when sick and spent those countless hours disciplining, counseling and chatting with the children that every homemaker should. For some families the husband may perform this role and be the primary parent. In other families the parents evenly divide the role and there is no primary parent. In this family the husband played the traditional role of breadwinner, working eight to ten hours a day. In his off-hours he dedicated much time and attention to the children, but the lion's share of the child raising was performed by the wife. It is undisputed that the children were happy and well-adjusted and that the relationship between the wife and children was close, loving and successful. Although the same relationship unquestionably existed to a degree with the husband, the close and successful emotional relationship between the primary parent and the children coupled with the age of the children dictate the continuance of that relationship." *Derby and Derby, supra,* 31 Or App at 806-807.

We are of the view that, given the child's young age and the fact that the mother was the primary parent of the child, custody should be awarded to her subject to reasonable and liberal visitation rights

in the father,[1] the exact extent of which shall be set by the trial court on remand. We likewise leave to the trial judge the establishment upon remand of an appropriate amount of child support.

The mother's other assignments of error do not require discussion.

Affirmed as modified, and remanded. No costs to either party.

---

[1] Given our disposition on the matter of custody, it is not necessary for us to reach the other issues appellant raises with respect to the trial court's consideration of the matter.