In the Matter of the Marriage of

FREY,
*Respondent,*
*and*

FREY,
*Appellant.*

(D82-0117; CA A29894)

692 P2d 615

Appeal from Circuit Court, Douglas County.

Charles S. Woodrich, Judge.

Randolph Lee Garrison, Roseburg, argued the cause for appellant. With him on the brief was Garrison & Garrison, Roseburg.

David G. Terry, Roseburg, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

Gillette, P. J., concurring in part and dissenting in part.

## VAN HOOMISSEN, J.

Father appeals the trial court's custody award and property division. We affirm.

■ Father first contends that the trial judge awarded custody to mother *solely* because she is the mother. The judge stated, in relevant part:

> "We are told as trial judges that we are not to emphasize any one of the factors that go into the custody decision over the others, and by mentioning any I don't want to create a misimpression that the Court has overlooked the others, but one thing that we should not lose sight of is that we're talking about a year-and-a-half old child, a baby, and having raised three I certainly commend the father for his willingness to, as counsel has said, assume the mother role, but assuming the mother role doesn't make you a mother, and in this Court's view with a baby that's a year and a half old, where the ability to care for the child is otherwise equal, and I think the evidence here is that that is the situation, the preference goes to the mother."

ORS 107.137(3) provides:

> "No preference in custody shall be given to the mother over the father for the sole reason that she is the mother."

The purpose of this statute is to require that custody decisions be made on the evidence in each case without regard to traditional views of proper parental roles. *If* the trial judge had awarded custody to mother *solely* because she is the mother, that clearly would have been error. However, we do not read the entire record that narrowly, and we do not find that the judge awarded custody to mother *solely* because she is the mother. The judge specifically stated that he had considered *all* the relevant criteria, *see* ORS 107.137; *Tingen v. Tingen,* 251 Or 458, 446 P2d 185 (1968), and that the best interests of the child would be served by awarding custody to mother.

■ Notwithstanding the trial judge's quoted comment, on *de novo* review we find no basis for disturbing his custody award. The parties separated before their child was born. They had joint custody from the time of his birth until the trial. The trial judge found that they had provided roughly equal care for their child and that neither parent was the primary caretaker. Both are fit and proper persons to have custody; neither is clearly preferable to the other. On that

record, we defer to the trial court's conclusion. *See McFadden v. McFadden,* 206 Or 253, 257, 292 P2d 795 (1956).

We find no reason to disturb the property division.

Affirmed. Costs to neither party.

**GILLETTE, P. J.,** concurring in part and dissenting in part.

We who work with words for a living are sometimes the master of our tools, but sometimes not. According to the majority's decision in this case, we are not and I am forced to dissent.

In this dissolution of marriage case, father appeals the trial court's custody award and property division. I agree with the majority that there was no error in the property division. However, I would hold that the judge used improper considerations in the custody decision and, on *de novo* review, reverse and award custody to father.

As the majority acknowledges, the trial court explained its custody award by saying:

> "We are told as trial judges that we are not to emphasize any one of the factors that go into the custody decision over the others, and by mentioning any I don't want to create a misimpression that the Court has overlooked the others, but one thing that we should not lose sight of is that we're talking about a year-and-a-half old child, a baby, and having raised three I certainly commend the father for his willingness to, as counsel has said, assume the mother role, but assuming the mother role doesn't make you a mother, and in this Court's view with a baby that's a year and a half old, where the ability to care for the child is otherwise equal, and I think the evidence here is that that is the situation, the preference goes to the mother."

As the majority also acknowledges, ORS 107.137(3) forbids granting any preference in custody "to the mother over the father for the sole reason that she is the mother." The purpose of this statute is to require that custody decisions be made on the facts of each case without regard to traditional views of proper parental roles. To the extent that the trial court relied on traditional stereotypes concerning the "mother role" and the traditional belief that the mother is best

equipped to fulfill that role, it erred. *See Mackey v. Mackey,* 9 Or App 113, 496 P2d 21 (1972).

Unaccountably, the majority seems untroubled. It says, in relevant part:

"* * * If the trial judge had awarded custody to mother *solely* because she is the mother, that clearly would have been error * * *.

"Notwithstanding the trial judge's quoted comment, on *de novo* review, we find no basis for disturbing his custody award. The parties separated before their child was born. They had joint custody from the time of his birth until the trial. The trial judge found that they had provided roughly equal care for their child and that neither parent was the primary caretaker. Both are fit and proper persons to have custody; neither is clearly preferable to the other. On that record, we defer to the trial court's conclusion. *See McFadden v. McFadden,* 206 Or 253, 257, 292 P2d 795 (1956)." (Slip opinion at 1-2.)

That is just wrong. The fact that the mother was the mother was *the* determining factor in this case. The trial judge said so. The mere fact that it considered all the evidence makes no difference if, after considering it, the evidence was abandoned to grasp at an individual criterion. We make a mockery of the appellate process by pretending that the experienced and able trial judge doesn't say precisely what he means.

Because the judge decided the case on an erroneous understanding of the law, we should not—indeed, we cannot—give his decision the deference we normally accord the trial judge's action in a custody dispute. *See, e.g., Whitlow and Whitlow,* 25 Or App 765, 550 P2d 1404 (1976). The trial judge took the wrong track. There is nothing to defer to. The decision is now ours, and ours alone.

Brian, the child of the parties, was born after they separated but before mother filed for divorce. The record is not entirely clear, but it appears that mother and father shared custody from the time Brian was born until the trial of the case. For over a year, there was a *pendente lite* order awarding joint custody, with father responsible for child support and spousal support to mother. Because father was unemployed or underemployed for much of this period, he actually had custody about 60 percent of the time. Father was

personally responsible for Brian's care and needs while he had custody. Father takes pride in his son and does not flinch from the messier aspects of infant care. A psychologist observed father and Brian interacting and concluded that Brian is in good physical and mental condition, enjoys being with father, and that father responds appropriately to his needs. Mother's evidence was less extensive than father's. There is no doubt, however, that she is also a good parent and that Brian would be in good hands with whomever receives custody. What leads me to believe it appropriate to award custody to father is my concern that Brian needs both his parents.

Mother initiated the divorce and she remains angry at father. If she had her way, Brian and father would have no contact at all; she believes that she provides all the parenting Brian needs. Although she complies with the court's order, she demonstrates no flexibility in father's involvement with Brian beyond that ordered by the court. Father had to go to court for so simple a matter as allowing him to babysit Brian on days when mother had custody but was working and father was not working. I envision continued problems with visitation if mother has custody, while those problems would probably be less or nonexistent if father has custody. Brian will be better off with a low rather than a high level of parental conflict and, in this otherwise evenly-balanced case, that factor is decisive to me.

I respectfully dissent.