In the Matter of the Marriage of

## CAVE,
*Respondent,*
*and*

## CAVE,
*Appellant.*

(85-3096; CA A40295)

736 P2d 215

Stephen D. Petersen, Rainier, argued the cause and filed the brief for appellant.

Robert P. Van Natta, St. Helens, argued the cause for respondent. With him on the brief was Van Natta & Petersen, St. Helens.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Husband appeals from a dissolution judgment. He assigns error to the following provision of the judgment:

> "[W]ith respect to * * * [husband's] pension program * * * to the extent that those benefits have vested and accrued on the date that this decree becomes final, that each of the parties is awarded 50% of the monthly pension payments as they become due including any future cost of living increases as a property division * * *."

Husband contends that it was error not to use the actuarial present value method to compute the division of the pension, which is vested but not matured.[1] *See Rogers and Rogers,* 45 Or App 885, 889, 609 P2d 877, *mod* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *mod* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981). Given the conflicting evidence in the record as to when husband plans to retire and the significant effect of that variable on the computation of present value, the court did not err.

Husband also contends that the award for future cost of living increases is wrong. He distinguishes the case of *Manners and Manners,* 68 Or App 896, 683 P2d 134 (1984), on the ground that, in that case, the future cost of living increases awarded were based on the pension accumulated during the marriage, because husband had already applied for his pension and was not going to be adding to its value. We construe the judgment in this case to be consistent with husband's understanding of *Manners* in that wife's share of any future cost of living increases will be based solely on that portion of the pension vested as of the date of the decree.

Husband also contends that the court erred in awarding wife over half of husband's present and future Social Security benefits. The relevant portion of the judgment provides:

> "ORDERED that the petitioner is awarded permanent spousal support from the respondent payable in the amounts computed as follows:

---

[1] The parties were married November 1, 1955. On the date of the judgment, husband was 51 and wife 48. Husband has been employed by the same company for about 29 years. His pension is vested, and he is entitled to retire and start drawing benefits at any time after age 55.

"a.   Commencing May 15, 1986 respondent shall pay $350.00 per month to the petitioner * * * .

"b.   Said alimony shall continue as set forth in subparagraph (a) above on a monthly basis until the respondent retires and commences to draw Social Security benefits at which time alimony payments shall be re-adjusted to equal one-half (1/2) of the sum of the respondent's Social Security benefits, and the petitioner's Social Security benefits, less the portion of the Social Security benefits payable directly to the petitioner. The Social Security benefits are to be used merely as a measuring device. Enforcement of the provision of this decree by petitioner or on her behalf, shall be directed at respondent personally or as against other assets of respondent and not against Social Security funds or benefits.

"Stated another way, the Social Security benefits of both the respondent and the petitioner shall be added up, and each party shall get an amount equal to one-half of the total, and the Court shall reserve jurisdiction for the limited purpose of making the mathematical calculation and assigning an exact dollar amount to this formula, should the parties be unable to make the necessary addition and division herein required * * *."

We find no error in the provision. The Social Security benefits were used only to compute spousal support. They were not considered in the court's division of the marital property under ORS 107.05(1)(f). *See Swan and Swan,* 301 Or 167, 720 P2d 747 (1986).

We are not persuaded by husband's other assignments that the court erred with respect to uninsured medical expenses, property division or spousal support.

Affirmed. No costs to either party.