Argued and submitted May 4, affirmed as modified June 24, 1987

In the Matter of the Marriage of

## CRISLIP,
*Appellant,*
*and*

## CRISLIP,
*Respondent.*

(D8505-63115; CA A41452)

738 P2d 602

Elizabeth Welch, Portland, argued the cause for appellant. With her on the brief was Welch and Koch, Portland.

Roger L. Meyer, Portland, argued the cause for respondent. With him on the brief were Joshua Kadish, Portland, and Meyer, Habernigg & Wyse, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

■ Wife appeals from the property division portions of the judgment in this dissolution case. She contends that the trial court erred by failing to award her one-half of the amount by which the value of husband's pension and related funds increased during the marriage.[1] The court distinguished between the increased value attributable to new investment and that attributable to growth in pre-marital investment, ignored the post-separation increased value of the funds and adjusted the property division to reflect husband's greater age. On *de novo* review, we conclude that the court should not have distinguished between the sources or time of the increased value. Accordingly, we modify the judgment.

Husband and wife were married in 1975; it was the second marriage for both. At the time of trial in 1986, husband was 54 and wife was 36. Husband is a physician in private practice; wife is a registered nurse and is presently working in an administrative position at a hospital. During the marriage, she finished her undergraduate education and worked as a nurse and in real estate. She also had most of the responsibility for running the household; husband expected her to adapt her schedule to his. Although husband and wife kept their pre-marital property in their separate names, they placed all of their income, including that from the pre-marital property, in joint accounts and used it for family expenses.

In early 1984, after almost nine years of marriage, husband and wife separated. Thereafter, they discussed reconciliation, and their financial affairs remained somewhat connected until wife filed this action in May, 1985. During the marriage, the pension funds, which husband owned through his medical practice, grew greatly in value. The growth came partly from new contributions and partly from earnings from those and previous contributions. They continued to grow after the separation and before the trial.

The trial court acknowledged the statutory presumption that wife has contributed equally with husband to the acquisition of property during the marriage, ORS

---

[1] For the rest of this opinion, we will refer to these funds collectively as husband's "pension funds."

107.105(1)(f),[2] but determined that an equal division was inappropriate because of husband's age as compared to wife's, the length of the parties' separation, wife's employability, the significant amount of "passive" growth in the funds and what the court viewed as a limited commingling of funds during the marriage. It applied a formula derived from those considerations and from an investment risk factor to the growth of husband's pension and other funds to determine the share which wife should receive. After applying the formula, it awarded wife a judgment which represented approximately one-third of the growth in value of those funds rather than one-half. The trial court's procedure was incorrect.

The most relevant case is *Olinger and Olinger,* 75 Or App 351, 707 P2d 64, *rev den* 300 Or 367 (1985). It involved an eight year marriage, including a year and a half of separation. During the marriage the husband acquired significant interests in two automobile dealerships, and the value of his previous interest in a third dealership appreciated significantly. The wife worked for the dealerships, contributing her salary to the family accounts; she also worked at times without pay. She did the majority of the housework and half of the yard work. We held that the wife was entitled to half of the appreciation in value of the pre-marriage owned dealership and half of the value of those purchased during the marriage. Husband and the trial court suggest that there are significant differences between *Olinger* and this case, but we find only one which has any significance.

As in *Olinger,* this is not a short term marriage; it had lasted over 10 years before wife filed this action, and it had lasted over 11 years by the time of trial.

"Even in short-term marriages each spouse is entitled to share in property that was acquired or increased in value during the marriage. * * * A review of Oregon cases involving marriages lasting at least five but less than nine years reveals a reluctance to characterize such marriages as either long-term or short-term. * * * In cases that distinguish between property

---

[2] ORS 107.105(1)(f), provides, in relevant part:

"The court shall consider the contribution of a spouse as homemaker as a contribution to the acquisition of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

brought to the marriage and property acquired or appreciated during the marriage, the wife has been awarded at least half of acquisitions and increases, even when the husband was the source of all or nearly all of the parties' assets at the beginning of the marriage." *Olinger and Olinger, supra,* 75 Or App at 354.

Our normal practice is to "value interests at the date of dissolution, unless there has been a *long period* of separation and mutual financial independence." 75 Or App at 357. (Emphasis supplied.) The separation in *Olinger* was a year and a half. Here husband and wife had been separated about two and a half years before the trial, but they remained financially connected and were considering reconciliation during much of that time. In light of all the circumstances, we do not find that the greater length of the separation was significant.

■ The court also erred in considering wife's current or future employability when it determined her contribution to the marital property. That consideration was relevant to the denial of her request for spousal support, but it does not affect her presumed equal contribution to the property. We also find that husband and wife did not keep their property significantly more separate than did the parties in *Olinger.* Although husband contributed to the pension funds through his professional corporation, and thus the contributions never entered a joint account, they were as much a part of his earnings as was the money that he actually received.[3] The statute presumes that wife's contribution was equal to the *total* contribution that husband made. In *Olinger,* we noted that the retained earnings of one dealership were the source of loans for the purchase of the others and that those retained earnings would otherwise have been income to the marriage. We treated that fact as strengthening the presumption of equal contribution. For similar reasons, husband's contributions to the funds from the earnings of his employment strengthen the presumption of equal contribution.

■ The final error was the trial court's distinction between active and passive growth in property values. That

---

[3] An interest in a retirement plan is property subject to division. ORS 107.105(1)(f). Our usual practice has been to divide such interests equally. *See Cave and Cave,* 85 Or App 336, 736 P2d 215 (1987); *Manners and Manners,* 68 Or App 896, 683 P2d 134 (1984).

distinction has no support in our cases and would produce unnecessary complications if we were to adopt it. Wife's contribution, as a homemaker or otherwise, to the increased value of the property is presumed to be equal to husband's, whether the increase was the result of new investment or of earnings on previous investments. There is also no reason for the court to use an investment risk factor in determining her share of the increase. The court failed adequately to follow the statutory requirement to consider wife's contribution as a homemaker as a contribution to the acquisition of assets and to apply the statutory presumption of equal contribution. We must modify the property division.

■   The presumption of equal contribution does not require equal distribution in every case. The court must divide the property "as may be just and proper in all the circumstances." ORS 107.105(1)(f). In this case, the record shows that husband has approximately 10 remaining years of employment and wife has approximately 25. The property available for division is primarily intended for retirement, and husband's opportunity to replenish what will remain to him is thus significantly less than is wife's ability to prepare for her retirement. For this reason, we award wife only 45 percent of the increased value of the pension funds, for a total judgment of $468,850. The court awarded wife a cash judgment of $125,000 and a qualified domestic relations order of $200,000 against husband's interest in the pension funds. We modify the judgment to increase the qualified domestic relations order amount to $343,850.

Paragraph 5 of the judgment modified by deleting "$200,000" and inserting "$343,850" in its place; otherwise affirmed. Costs to wife.