Argued and submitted April 3, affirmed as modified October 25, 1989

In the Matter of the Marriage of

MORTON,
*Respondent - Cross-Appellant,*
*and*

MORTON,
*Appellant - Cross-Respondent.*

(87-1672-NJ-3; CA A48401)

781 P2d 869

Richard W. Courtright, Medford, argued the cause and filed the briefs for appellant - cross-respondent.

Dennis R. Ingram, Grants Pass, argued the cause for respondent - cross-appellant. With him on the brief was Ingram, Rich and Kardell, Grants Pass.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

In this appeal from a dissolution judgment, husband assigns error to the trial court's division of real and personal property. Husband disputes both the court's valuation and division of certain property.

The parties were married in February, 1985. They separated in June, 1987, and a dissolution judgment was entered in April, 1988. Husband, 39, is not employed. He is permanently disabled as a result of injuries sustained in a helicopter crash in 1977. He receives Social Security payments of $949 per month. At the time of the marriage, he had assets worth approximately $760,000. Wife, 40, is a realtor. In 1986, her annual income was $3,180 and, in 1987, she earned $19,800. At the time of the marriage, she had assets worth approximately $20,000. During the marriage, the parties purchased a home (Valley View property), land for a mobile home park (Greenway property), a building site of approximately five acres (Jacksonville property) and six rental units (Paul and Levi property). All of the property was purchased principally with assets that husband brought to the marriage.

The trial court held that wife was entitled to share equally in the increase in value in the Greenway property, with her share being $30,250. The court also held that wife was entitled to property worth an additional $20,000, which represented the value of the assets that she brought to the marriage. Wife was also awarded the Valley View home, the court finding that the parties had $40,000 in equity. The remaining real property was given to husband. A money judgment for $10,250 was also awarded to wife.

Husband argues that the court erred in awarding the Valley View home to wife and in allowing wife credit for one-half the increase in value in the Greenway property. He contends that wife was given too much, because this was a short-term marriage and most of the property was purchased with assets that he brought to the marriage.

■ ORS 107.105(1)(f) provides a rebuttable presumption that both parties contributed equally to property acquired during the marriage. We conclude, however, that husband overcame that presumption. With minor exceptions, all of the property purchased during the three-year marriage was

acquired with assets that he brought to the marriage. In contrast to *Crislip and Crislip,* 86 Or App 146, 738 P2d 602 (1987), and *Olinger and Olinger,* 75 Or App 351, 707 P2d 64, *rev den* 300 Or 367 (1985), most of the funds used for property acquisition did not come from income earned during the marriage, which would be marital income, or from money generated during the marriage from marital assets. Wife did contribute her real estate commission of $3,700 to the purchase of the Valley View home and used her skills as a realtor in the acquisition of all of the property. Yet, in view of the substantial assets that husband brought to the marriage and the limited duration of this marriage, wife's contributions do not refute the conclusion that husband overcame the presumption of equal contribution.

Although she did not contribute equally, wife is entitled to some credit for her efforts and for the assets that she brought to the marriage. The trial court recognized that when it gave her credit for one-half of the increase in value of the Greenway property. We believe that the trial court's decision to credit wife with that increase was justified by the contribution that she made to the acquisition of this asset and the Valley View property.

Husband contends that, even if wife is entitled to some of the marital assets, she should not have been given the Valley View home. However, the house was a marital asset and was subject to the dispositional authority of the court. *Jenks and Jenks,* 294 Or 236, 656 P2d 286 (1982). We conclude that the trial court's award of the house to wife was "just and proper in all the circumstances." ORS 107.105(1)(f); *see Stice and Stice,* 308 Or 316, 779 P2d 1020 (1989).

Husband also argues that the trial court erred in its valuation of the parties' equity in the home. They purchased it for $130,000, and their remaining liability for the property was $89,000. Since their purchase, $8,784 in improvements had been made. Husband testified that, because of the improvements, the property should be valued at $135,000. Wife testified that the value of the house was still $130,000. Other than husband's opinion, there is no evidence in the record as to the extent, if any, that the improvements enhanced its value. On the evidence presented, we conclude that the trial court's assessment of the parties' equity in the house was correct.

Husband also argues that the trial court erred in its valuation of the parties' equity in the Greenway property. The trial court found that the value of the property, in which the parties' had a one-half interest, increased by $121,000 during the marriage. Husband's principal complaint about valuation is that the court failed to take into account expenses that he incurred in procuring annexation and rezoning of the property. In making a determination of a party's equity, credit typically would be allowed for such expenses. However, the evidence does not establish the specific items included in husband's claim or the specific amounts that he spent. Further, the trial court estimated that it had cost $28,000 to extend the waterline to the property and reduced its valuation of the property accordingly. The reduction may have included some costs related to annexation. We conclude that the trial court's assessment of the increase in value of this property was correct.

Husband also argues that the trial court erred when it included $6,520 in the monetary judgment for furniture that she brought to the marriage and also awarded her the furniture. We agree that the trial court erred. Accordingly, the money judgment awarded wife should be reduced by $6,520.[1]

Wife contends on cross-appeal that she is entitled to a portion of the appreciation in the value of the Jacksonville and Paul and Levi Circle properties, which were purchased principally with assets that husband brought to the marriage. Wife's contribution was the use of her skills as a realtor in their acquisition. We conclude that wife is entitled to some portion of any increase in their value. With respect to the Paul and Levi Circle properties, we find that there was no increase in value. With respect to the Jacksonville property, however, we find that there was an increase in value during the marriage of $10,000 and that wife is entitled to $5,000 of that increase. The money judgment awarded wife therefore should include that $5,000; so the net reduction in the judgment is $1,520.

Judgment modified to reduce the money judgment awarded wife to $9,730; affirmed as modified. No costs to either party.

---

[1] Husband's final assignment of error is without merit.