Argued and submitted March 26, affirmed September 19, 1990

In the Matter of the Marriage of

Timothy R. THOMPSON,
*Appellant,*
*and*

Pamela Jill THOMPSON,
*Respondent.*

(88-1936-D-3; CA A61187)

797 P2d 1077

Clayton C. Patrick, Salem, argued the cause for appellant. With him on the brief was Donald F. Myrick, Grants Pass.

Ronald L. Gray, Gladstone, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

### DEITS, J.

Husband appeals from a dissolution judgment. He claims that the trial court erred in awarding custody of the parties' child to wife, in evaluating his retirement accounts as of the date of trial and in awarding certain personal property and support to wife. On *de novo* review, we affirm.

Husband, 38, is an attorney. Wife, 31, is a legal secretary. They were married in 1982 and had a child in December, 1986. Wife stayed home with the child until he was 18 months old. During that time, husband was working about 12 hours a day, and wife did most of the caretaking of the child. In May, 1988, the parties agreed to separate. Husband told wife that she should move out of the family home, because she could not afford to make the monthly mortgage payments on the house. They also agreed that their son should remain in the family home to minimize any emotional impact that the separation might have on him. In May, 1989, husband filed for dissolution. Both parties asked for custody of the child. In July, 1989, a dissolution judgment was entered, awarding custody to wife.

■ Husband's first assignment of error is that the trial court erred in awarding custody to wife. He contends, relying on *Van Dyke and Van Dyke,* 48 Or App 965, 970-71, 618 P2d 465 (1980), that he should be awarded custody, because he is the child's "primary parent." In that case, we awarded custody to mother, because she was the primary parent of the child before the separation. She was deemed to be the primary parent, because she fed the child, cared for him when he was sick, disciplined him and spent the most time with him. 48 Or App at 970. Here, wife also argues that, like the mother in *Van Dyke,* she was the child's "primary parent" before the separation. Husband may be correct that he has been the primary parent since the parties separated. However, we do not find that determinative, because mother also was the child's primary parent for the first 18 months of the child's life. We do not disagree with husband's assessment that he is "extremely capable of taking care of the child." Both parties appear to be good parents, have demonstrated a strong interest in and have a good relationship with the child. In a case such as this, where the interest of the child would be well served by awarding custody to either parent, the trial court's ability to see and hear the witnesses becomes particularly important, and we

will not disturb the trial court's ruling unless we are convinced that an equitable result has not been reached. *Van Dyke and Van Dyke, supra,* 48 Or App at 968. We agree with the award of custody to mother.

■ Husband's second assignment of error is that the trial court erred in its valuation of his Public Employee's Retirement System (PERS) account and deferred compensation account. He argues that, under *Richardson and Richardson,* 307 Or 370, 769 P2d 179 (1989), the court should have valued the accounts as of the date of separation and not as of the date of the trial. Husband contends that *Richardson* holds that the accounts should be considered jointly acquired marital property only up to the date of separation and, therefore, should be valued as of that date in all cases. However, we do not read *Richardson* to change our usual practice, which is to value marital property as of the date of trial. *Crislip and Crislip,* 86 Or App 146, 149-50, 738 P2d 602 (1987); *Olinger and Olinger,* 75 Or App 351, 357, 707 P2d 64, *rev den* 300 Or 367 (1985). An interest of a spouse in a retirement plan or deferred compensation account is marital property, ORS 107.105(1)(f); *Richardson and Richardson, supra,* 307 Or at 376-77 and, therefore, subject to be evaluated at the time of trial.

■■ The essence of husband's argument is that that portion of the present value of the accounts acquired after the parties separated should be awarded to him as an individually acquired asset. However, any marital asset acquired after a separation may be treated as an individual asset only if the presumption of equal contribution established by ORS 107.105(1)(f) is overcome by a showing that the other spouse did not contribute, either directly or indirectly, to the acquisition or increase in value of that asset after the date of separation. *Stice and Stice,* 308 Or 316, 325-26, 779 P2d 1020 (1989). The spouse disputing the presumption of equal contribution has the burden of proving by a preponderance of the evidence that the other spouse did *not* contribute equally to the acquisition of the property. 308 Or at 326. Generally, that has required a showing of a long period of separation and mutual financial independence before the dissolution. *Olinger and Olinger, supra,* 75 Or App at 357. In *Richardson,* for example, the presumption was overcome, because it was established that the parties had been separated and had been financially

independent for over seven years before the dissolution judgment, during which time husband had been contributing to his retirement accounts. Here, the period of separation was only 13 months, and there was no showing that the parties were financially independent during that time period. Husband did not rebut the presumption of equal contribution, and the trial court did not err when it valued the retirement accounts as of the date of trial.

Husband's third assignment is that the trial court erred in awarding a drift boat and a truck to wife. The drift boat was, in fact, awarded to husband. We find that the property division was just and proper. ORS 107.105(1)(f).

Husband's final assignment is that the trial court erred in awarding spousal support to wife in the amount of $450 per month for 3 years. Husband argues that support is not justified in this case, because wife is relatively young, the marriage was for a short term and wife is employed in the same profession as she was when the parties married. We find that the amount and length of support ordered by the trial court was "just and equitable" in the light of the standard of living established during the marriage, *see* ORS 107.105(1)(d)(K), and is necessary to allow wife "the opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage." ORS 107.105(1)(d)(M).

Affirmed.