Argued and submitted July 20, affirmed November 21, 1990

In the Matter of the Marriage of

Lynn Naia BOLDT,
*Respondent,*
*and*

James Harlan BOLDT,
*Appellant.*

(89-2042-D-2; CA A62373)

801 P2d 874

Claudette L. Yost, Medford, argued the cause and filed the brief for appellant.

Michael Henderson, Bend, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Father appeals a dissolution judgment that awarded custody of their child to mother. He contends that the trial court erred, because it awarded custody to mother solely because she was the mother. On *de novo* review, we affirm.

Father and mother were married in February, 1988, and separated in May, 1989. Their child was 17 months old at the time of trial. Mother has three other children, ages 4, 6 and 7, who live with her. Father has one other son, age 22. Father is a lawyer and a member of the Army Reserve. Mother works part-time doing child care and receives welfare assistance.

Father's argument that the trial court gave preference to mother is based on the court's comments in explaining its decision:

"I think the matter, as far as the court is concerned, is custody, which is what you're most concerned about, was placed very succinctly by Mr. Burleigh by saying all things being equal, the infant children go with their mother unless they can find some good reason not to. And based on what I have heard, I have no reason to deprive the mother [of] her custody right. And I would award the mother the custody of the child."

ORS 107.137(4) provides that "no preference in custody shall be given to the mother over the father for the sole reason that she is the mother." The purpose of the statute, adopted in 1961, was to end reliance on traditional assumptions about the parental roles of mothers and fathers. Instead, custody decisions must be based on the circumstances of each case. *Frey and Frey,* 71 Or App 315, 317, 692 P2d 615 (1984). The trial court's comment was inconsistent with the statute. However, on *de novo* review, we conclude that the award of custody to mother was proper.

In deciding custody cases, we give primary consideration to the best interests and welfare of the child. ORS 107.137(1). In determining what is in the best interests of a child, the court may consider:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child,

"(c)   The desirability of continuing an existing relationship; and

"(d)   The abuse of one parent by the other." ORS 107.137(1).

The best interests of a child may not be determined by isolating one factor to the exclusion of others. ORS 107.137(2).

Both parents here are loving and strongly committed to their child. Mother has had some difficulties in caring for her four children but has sought assistance when necessary and has continued to participate in parenting classes. Father has had work and other obligations, leaving little time to provide day-to-day care for the child. Although lacking in experience, he has demonstrated a strong interest in acquiring the necessary skills and appears capable of providing adequate care.

One apparent difference between the parties is that mother has been the primary caretaker and, at this time, is the more nurturing parent. Before the parties' separation, mother cared for the child almost exclusively. Father spent short periods with the child before and after work and on weekends. Since the parties' separation, father has assumed basic care responsibilities for the child during visitation. Although the statute prohibits giving preference to a mother just because she is the mother, we can consider evidence that one parent has been the primary caretaker or is the more nurturing parent. *Tuttle and Tuttle,* 62 Or App 281, 285, 660 P2d 196 (1983); *Van Dyke and Van Dyke,* 48 Or App 965, 969, 618 P2d 465 (1980). The trial court's statement that, all things being equal, small children "should go with their mother" could more properly be stated as, all other things being equal, small children should go with the caretaking and more nurturing parent.[1] Here, mother has been the caretaker and the more nurturing parent. Custody should be awarded to her.

That award of custody is also appropriate because it provides the most continuity in the child's life. ORS 107.137(1)(c). Were we to award custody to father, the child would be removed from the care situation that he has known

---

[1] We emphasize that this is not always dispositive of a custody issue. Other relevant factors may outweigh that fact. *See Maddox and Maddox,* 56 Or App 345, 641 P2d 665 (1982).

his entire life and would be separated from three half siblings with whom he has a good relationship. We conclude that it is in the child's best interests for mother to retain custody, subject to father's visitation rights.

Affirmed. Costs to mother.