Argued and submitted June 29, 1992, reversed and remanded with instructions; otherwise affirmed March 31, 1993

In the Matter of the Marriage of

Sally Jo SPURGEON,
*Respondent,*
*and*

Lee Alan SPURGEON,
*Appellant.*

(90P-20596; CA A68945)

849 P2d 1132

Lawrence A. Castle, Canby, argued the cause for appellant. With him on the brief was Kelley & Kelley, Canby.

Lynda D. Olson, Salem, argued the cause for respondent. With her on the brief was Allen, Stortz, Fox, Susee & Olson, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Husband appeals from a dissolution judgment. He argues that the trial court erred in awarding custody of the parties' three children to wife and in refusing to award him temporary spousal support, costs and attorney fees. On *de novo* review, we modify the judgment.

The parties were married in 1981. At the time of trial, husband was 30 and wife was 29. They have three children, ages 14, 7 and 3. Shortly after they were married, the parties moved to Kansas. Husband was the director of a technical college and earned approximately $24,000 per year. Wife worked as a traffic engineer systems analyst and earned about the same as husband. In 1987, wife moved back to Oregon to obtain a better paying job. By 1989, she was earning $3,300 per month. Husband remained in Kansas following wife's departure but, after a few months, he quit his job and joined her in Oregon. Husband had difficulty finding equivalent work in Oregon and, except for some short term employment, spent the first two and one-half years caring for the children at home. Wife's work during that time required her to travel outside the state for significant amounts of time. Husband assumed principal responsibility for the care of the children and the parties' home.

The trial court awarded custody of the three children to wife and required husband to pay $360 per month in child support. The court refused husband's request for temporary spousal support, costs and attorney fees.

■■ Husband assigns as error the trial court's award of custody of the children to wife. He first argues that he should have been awarded custody, because he is the "primary parent." Husband is correct that, at least in the last few years, he has been the primary care giver to the children. That is a significant consideration in deciding a custody dispute. *Van Dyke and Van Dyke*, 48 Or App 965, 969, 618 P2d 465 (1980), *rev den* 290 Or 491 (1981). However, it is only one of a number of relevant considerations and is not itself dispositive. *Thompson and Thompson*, 103 Or App 458, 460, 797 P2d 1077 (1990). The governing statute, ORS 107.137, requires that the *primary* consideration in determining the custody of a minor child be "the best interests and welfare of

the child." To that end, ORS 107.137(1) provides that the court may consider the following factors:

"(a)   The emotional ties between the child and other family members;

"(b)   The interest of the parties in and attitude toward the child;

"(c)   The desirability of continuing an existing relationship; and

"(d)   The abuse of one parent by the other."

A custody decision must be based on a consideration of all of the relevant factors; one factor should not be relied on to the exclusion of the others. ORS 107.137(2).

Husband relies heavily on the fact that the person designated by the court to do a custody study and recommendation, Southwell, recommended that custody of the oldest child be given to wife and that custody of the two younger children be given to him. Husband complains that the trial court ignored this recommendation and failed to offer an adequate explanation of why he was not following the recommendation. However, the trial court did explain its reasons for not following Southwell's custody recommendation:

"There was a custody evaluation done by Alan Southwell and a copy of his report and the psychological reports of Husband and Wife by Dr. Nielsen were received as evidence. Mr. Southwell recommends splitting custody. His study does not address the issues concerning ties among the siblings. Custody of siblings should not be split unless there is some overriding factor that should warrant a split custody. *Moe and Moe*, 66 Or App 947 [676 P2d 336] (1984) citing *Sagner and Sagner*, 49 Or App 215 [619 P2d 660 (1980), *rev den* 290 Or 302] (1981) and ORS 107.137(1)(a) and (c). Not only is there a lack of an overriding factor in support of splitting custody in this case; but, *the evidence establishes compelling reasons for maintaining all of the children in the same home.*

"Each parent has certain deficiencies and the children have spent extended time in the absence of each of the parents. Husband was absent when he remained in Topeka when Wife moved to Oregon and Wife was absent for extended periods of time while in California. The most important factor of stability for the children has been their consistent relationship and bonding with each other. I am also impressed by all of the evidence in this case that the

children do have a very close relationship with each other.

"The fact that Husband has a poor relationship with [the oldest child] would be a very strong factor in granting custody of all three children to Wife.

"There are substantially more reasons than Husband's relationship with [the oldest child] to grant custody to Wife in this case. Husband's claim that Wife has made no contribution to the growth and development of the children is simply not supported by the evidence. If Husband were granted custody, his substantial anger, resentment and other negative feelings toward wife would certainly interfere with Wife's relationship with the children. I have seldom seen cases where a party, Husband in this case, is so unwilling to give any credit to or say anything positive about the opposing party. It appears that a substantial amount of Husband's dissatisfaction may stem from Wife's professional success compared to Husband's. Whatever the reasons his feelings are evident and would have even greater adverse effect on the children's relationship with Wife if Husband were granted custody." (Emphasis supplied.)

This is a case where both parents have their strengths and weaknesses, but both in their own way have made a sincere effort to be good parents. Husband played an important role for the children by providing care while wife was extensively involved in her job. Wife has, however, adjusted her work obligations so that she will no longer be required to travel and she can work out of her home. It is apparent that both parents have strong emotional ties to their children. Nonetheless, as husband acknowledges, there are presently some difficulties in his relationship with the oldest child, and the evidence shows that the children have a close relationship with each other. We agree with the trial court's conclusion that, despite the recommendation of Southwell, it is in the best interests of these children not to be separated. In a case such as this, where there are strong arguments to be made in support of an award of custody to either parent, we believe that the trial court's ability to see and hear the witnesses is particularly important. *Thompson and Thompson, supra.* We see no compelling reason to disturb the trial court's award of custody to wife.

Husband also assigns error to the trial court's refusal to award him spousal support. At the time of trial, wife was

earning approximately $3,000 per month, and husband's monthly income was $1,380. By his own acknowledgement, husband's earning capacity is greater than that. He was earning approximately $25,000 per year at the job that he left in Kansas, and there is little doubt that husband will eventually be able to return to that income level. Nonetheless, husband was disadvantaged in his career by spending time at home caring for the children. Accordingly, we believe that it is appropriate for husband to be awarded spousal support for a limited time to allow him to return to his former earning capacity. ORS 107.105(1)(d)(F). We award husband spousal support of $200 per month for two years.

Finally, husband argues that the trial court erred in denying his request for attorney fees. We conclude that the trial court did not abuse its discretion in denying fees. *Reitmeier and Reitmeier*, 98 Or App 58, 778 P2d 962 (1989).

Reversed and remanded with instructions to enter an award of spousal support to husband of $200 per month for two years, beginning on entry of appellate judgment; otherwise affirmed. No costs to either party.