In the Matter of the Marriage of

William G. ROBISON,
*Appellant,*

*and*

Nancy Ann ROBISON,
nka Duncan,
*Respondent.*

(D9003-62295; CA A77535)

863 P2d 478

Gregory B. Soriano argued the cause for appellant. With
him on the brief were Herb Weisser and Soriano & Valent.

Jeremy V. Sarant argued the cause and filed the brief for
respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

### WARREN, P. J.

Father appeals a modification of a dissolution judgment. He argues that the trial court erred in awarding custody of the parties' two children to mother. On *de novo* review, we reverse.

The parties were married in 1983 and separated in 1990. They have two children, ages 6 and 8. The parties originally stipulated to joint custody of the children.[1] Mother has remarried, and she and her present husband have one child. Mother does not work; father works as a delivery driver. He has also remarried, and his present wife has two children about the same ages as the parties' children. The children have a good relationship with father's new wife and her children. Father, his spouse and all of the children participate in many family activities. After the dissolution, the children spent a majority of their time with father and, at the time of the modification hearing, they were attending school in father's school district.

■ Father moved to modify the judgment to award him sole custody. At the hearing on the modification, two expert witnesses testified that father should be awarded custody. Both witnesses observed and evaluated father, mother and the children. One witness is a custody evaluator for family services. He testified that it would be in the children's best interests to award father sole custody. He explained that they had a "safer, stronger attachment and relationship with the father * * *." The other expert witness is a psychologist with extensive experience in child custody matters who, by stipulation of both parties, performed a custody evaluation. She testified that father's household was "more secure for the children, [and] that they feel more comfortable there and that he can provide a more secure environment for them." She also testified that she had concerns about mother's emotional stability. Finally, she testified that her recommendation was "not a particularly close call." Both experts testified that, in concluding that father should have sole custody of the children, they considered that mother was the natural mother of the children and was staying at home as a full-time homemaker.

---

[1] The parties agree that joint custody is no longer an option.

In deciding custody cases, the court must give *primary* consideration to the best interests and welfare of the child. ORS 107.137. That statute provides, in part:

"(1) In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child;

"(c) The desirability of continuing an existing relationship; and

"(d) The abuse of one parent by the other."

The best interest of a child may not be determined by isolating one factor to the exclusion of others. ORS 107.137(2).

■ In this case, the trial court apparently placed the most weight on the fact that, until the parties separated, mother was the children's primary caregiver, and that, if father was awarded custody, his spouse would be the primary caregiver.[2] The fact that mother was the primary caregiver is a significant consideration in deciding custody. *Van Dyke and Van Dyke*, 48 Or App 965, 969, 618 P2d 465 (1980), *rev den* 290 Or 491 (1981). However, it is only one of several relevant considerations and is not itself dispositive. *Thompson and Thompson*, 103 Or App 458, 460, 797 P2d 1077 (1990).

■ Mother contends that the real issue in this case is who will be the primary caretaker: mother or father's spouse. We do not agree with that contention. In custody disputes between natural parents, the interests of the children "are more nearly the exclusive determinants of the custody decision." *Hruby and Hruby*, 304 Or 500, 510, 748 P2d 57 (1987). Here, both parties appear to be loving and dedicated parents. When both parents are capable, the children should be placed in the custody of the parent who will maximize their welfare. Although mother is correct that father spends time away

---

[2] The court said that it did not disagree with the expert's opinions, but found that the experts "were apparently influenced by the husband's claim that the wife came from a broken home and has emotional problems, that the husband lives in the house where the children resided during the marriage and that husband generally appears to be the more economically secure." There is no evidence in the record that the experts were influenced by any claims husband allegedly made.

from the children while at work and that his spouse will therefore assume at least some primary caretaking responsibilities, on *de novo* review, we evaluate the situation as a whole in determining the best interests of the children. Mother does not disagree that the children have a good relationship with father, his spouse and her children.

The experts' testimony, together with other evidence in the record, convinces us that father's household will provide a more secure and stable environment for the children.

Reversed and remanded for entry of judgment awarding custody to father. No costs to either party.