Submitted on brief and record July 17, affirmed December 16, 1998

## Jamie Rae SWEAT,
*Respondent,*

*v.*

## Jon Marlan COUGHTRY,
*Appellant.*

### (96-3991-F-2; CA A99285)

969 P2d 399

Jon Marlan Coughtry filed the brief *pro se.*

No appearance for respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

Father appeals a paternity judgment that awarded custody of their child to mother. He contends that the trial court erred, because it awarded custody to mother solely because she was the mother. In addition, father contends that the evidence at trial establishes that custody more appropriately should be given to father. Finally, father asserts that the schedule of parenting time awarded to father is inadequate. On *de novo* review, we affirm.

Father and mother were never married. The child was born in July 1995; the parents lived together until August of 1996. After the separation, the child lived with his mother. Father had periodic visits with the child throughout that time. Shortly after a mutual restraining order was issued, mother filed this action. The only issues contested were custody and parenting time.[1]

■ Father's first assignment of error concerns the trial court's reasons for awarding custody to mother. In awarding custody to mother, the trial court first explained that none of the evidence presented by father tipped the balance in favor of awarding custody to him and that, in the absence of such evidence, he would award the child to mother because of the child's young age:

> "I can't think of any reason that you brought up which I would keep the child away from her given all things being equal. As a child of tender years, which this is, he ought to be with his mother unless there's something really bad about her[.]"

The trial court's rationale for awarding custody to mother is all but identical to the rationale given by the trial court in *Boldt and Boldt*, 104 Or App 379, 381, 801 P2d 874 (1990). As we concluded there, a presumption that, all things being equal, custody should be granted to a young child's mother is inconsistent with the directive of ORS 107.137(4) that "[n]o preference in custody shall be given to the mother over the

---

[1] Mother filed a petition pursuant to ORS 109.125 seeking to establish paternity, to have custody of the child awarded to her, and to have father ordered to pay child support. Father admitted paternity and sought to have custody of the child awarded to him and, alternatively, to have the court award him parenting time.

father for the sole reason that she is the mother." The trial court's rationale for granting mother custody in this case was error.

That leaves us, however, to review the record *de novo* and determine whether, despite the trial court's erroneous rationale, an award of custody to mother nevertheless is in the child's best interests. We conclude that it is.

■ The relationship between mother and father has been acrimonious, to say the least. That fact, however, has affected primarily their dealings with each other. Where the child is concerned, both parents appear loving and committed to the child's well-being. Throughout the child's life, mother has been the child's primary caregiver and nurturer. Father has not played that role with this child, and it is unclear from the record whether he has ever had primary responsibility for a young child's nurturing and caregiving.[2] Since separating from father, mother has remarried and her new husband has a steady income. Mother does not need to work at present and is in a position to spend her days taking care of the child. She also has the support of her parents and her sister to assist her. Father does not have similar family support. At the time of trial, he was planning on returning to full-time work as soon as he recovered from an injury. He did not explain how he intended to provide for the child's care while he was working.

■ As we held in *Boldt*, it is proper, all things being equal, to award custody to the parent who has been the child's primary caretaker and nurturer. 104 Or App at 382. That consideration favors an award of custody to mother in this case. In addition, the record establishes that a change of custody and of the child's established routine would be disruptive to the child's sense of security and well-being. *See* ORS 107.137(1)(c). Those factors, alone and in combination, satisfy us that it is in the child's best interest for mother to retain custody, subject to father's parenting time award.[3]

Affirmed.

---

[2] Father has a son by a prior marriage or relationship. The record reflects that this older son lived with father and mother while they resided together. The record is unclear, however, whether father had actual custody of that child, and nothing suggests that father was that son's primary caregiver during his preschool years.

[3] We affirm without discussion the trial court's award of parenting time to father.