Argued and submitted July 16, reversed and remanded August 15, 2001

Dora L. GARZA,
*Appellant,*

*v.*

Arcenio AYALA,
*Respondent.*

99C-30292; A111482

29 P3d 1219

Jeff J. Carter argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Mother appeals from a judgment awarding custody of the parties' minor child to father. On *de novo* review, we reverse.

The child was born to the parties in Klamath Falls, in August 1995. The parties resided in California from August 1995 to April 1998, when mother moved to Mt. Angel, Oregon. The parties have never been married, nor have they lived together, but father maintained regular contact with the child until the child was approximately one-and-one-half years old. Before this proceeding, there has never been an order establishing custody of the child. In approximately 1996, father began to attend college some distance from the child's residence, and visits between father and the child were less frequent.

As noted, mother moved to Oregon in April 1998. She did not notify father or his family of her move. At that time, it had been about one year since father had visited the child. From April 1998 until January 1999, father did not see the child. In January 1999, father traveled to Oregon to visit the child and, without mother's permission, took him to California. Father filed a petition there to establish his right to custody of the child, but in February 1999 a California court dismissed the proceeding for lack of jurisdiction over the child.

In an effort to regain physical custody of the child, mother filed a petition in this proceeding seeking a temporary custody order. She also filed a writ of assistance, seeking police assistance in the return of the child. The trial court granted mother's motion for temporary custody of the child and issued a writ of assistance. With police assistance, the child was removed from father's home and returned to mother.

Mother has been the child's primary caregiver since his birth. After moving to Oregon, mother found employment in the Portland area and has had the child in regular day care since that time. She has health insurance through her employer. She has not refused to allow father visitation, but

since the child returned to Oregon in February 1999, father did not seek to visit with the child until after the trial in this proceeding began.

Midway through the trial, the court ordered a custody study of the parties. Pending the outcome of the study, the court ordered that mother have custody of the child, with child support to be paid by father. The custody report found that, although mother could strengthen her parenting skills, there was no indication of abuse or that the child had been physically harmed while in mother's custody. The counselor noted that father had expressed concern about some bruises that he found on the child, but she found no evidence of abuse. The counselor also noted that the circumstances surrounding father's removal of the child from mother's custody reflected poorly on his concern for the child. The counselor recommended that custody remain with mother, with generous summer and vacation visitation to father. The report also recommended that mother take parenting classes, which she is willing to do.

The trial court rejected the counselor's recommendation and ordered that father have custody of the child. The court found that the custody report favored father's parenting skills. Additionally, the court noted that father had expressed concerns that the child's health care had been neglected and that mother's fiancé might have been physically abusive toward the child. In placing the child in father's custody, the court acknowledged the counselor's opinion that mother had been the child's primary caregiver, but found that father is the parent most equipped to be the child's primary caregiver.

As the trial court noted, this is a close case. Both parties have parenting strengths and weaknesses. After careful consideration of the record, however, we conclude that it is in the child's best interest to be placed with mother. Of foremost consideration is the fact that mother has been the child's primary caregiver for his entire young life. ORS 107.137(4) provides that, in determining the custody of a minor child, the court shall give preference to the primary caregiver, if the caregiver is deemed a fit parent. The trial court made no finding that mother was not a fit parent. Although father had

expressed concern about possible physical abuse, the counselor found no evidence to substantiate that concern. The counselor noted that the child was affectionate with both parents and interacted appropriately with them during play. The counselor said that "both parents have much to offer" the child and "should be involved in his life as much as possible." We find on this record that mother is a fit parent. Furthermore, the record shows that father's interruption of mother's custody when he took the child to California was upsetting to the child and not in his best interest. We find that the best interest of the child is served by a continuity in parenting, *see* ORS 107.137(1)(c), and by the child living with his primary caregiver. That means that custody should remain with mother. *See Sweat v. Coughtry*, 157 Or App 677, 680, 969 P2d 399 (1998). Accordingly, the judgment granting physical custody of the child to father is reversed, and the case is remanded to the trial court for the establishment of a parenting time schedule and child support.[1]

Reversed and remanded.

---

[1] At oral argument, mother's attorney advised the court that father is currently serving a six-year term of imprisonment in California. That information is not a part of the record and did not bear on our decision here.